**FILED**
CLERK, U.S. DISTRICT COURT

1/18/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail:   jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-cr-00021-SVW |
|---|---|
|         Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANDREW ZEPEDA HANSACK |
|         v. | |
| ANDREW ZEPEDA HANSACK, | |
|         Defendant. | |

1. Subject to the approval of the Department of Justice, Tax Division, this constitutes the plea agreement between ANDREW ZEPEDA HANSACK ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

       h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

       i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a

guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l.   Agree to, as part of his sentence, a criminal fine in an amount no less than $50,000 and not argue, or suggest in any way, either orally or in writing, that a lower fine amount be imposed.

m.   Agree to a binding civil injunction pursuant to 26 U.S.C. §§ 7402 and 7407, if asked to do so by the Tax Division of the Department of Justice, barring him for life from aiding or assisting in the preparation of federal income tax returns for anyone other than himself and his legal spouse, and barring him from representing persons before the Internal Revenue Service ("IRS"). Defendant understands that the United States will file a civil complaint against him seeking this relief, and defendant agrees to consent to a permanent injunction. Defendant will publish the civil injunction to all his current clients.

//

1

THE USAO'S OBLIGATIONS

2     3.   The USAO agrees to:

3          a.   Not contest facts agreed to in this agreement.

4          b.   Abide by all agreements regarding sentencing contained

5     in this agreement.

6          c.   At the time of sentencing, provided that defendant

7     demonstrates an acceptance of responsibility for the offenses up to

8     and including the time of sentencing, recommend a two-level reduction

9     in the applicable Sentencing Guidelines offense level, pursuant to

10    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

11    additional one-level reduction if available under that section.

12

NATURE OF THE OFFENSE

13    4.   Defendant understands that for defendant to be guilty of

14    the crime charged in each count of the information, that is, Aiding

15    and Assisting in the Preparation of a False Tax Return, in violation

16    of 26 U.S.C. § 7206(2), the following must be true: (1) defendant

17    aided, assisted, advised, procured, or counseled another in the

18    preparation or presentation of an income tax return that was false or

19    fraudulent; (2) the income tax return was false or fraudulent as to

20    any material matter necessary to a determination of whether income

21    tax was owed; and (3) defendant acted willfully.

22

PENALTIES AND RESTITUTION

23    5.   Defendant understands that the statutory maximum sentence

24    that the Court can impose for each violation of 26 U.S.C. § 7206(2),

25    is: three years' imprisonment; a one-year period of supervised

26    release; a fine of $100,000 or twice the gross gain or gross loss

27    resulting from the offense, whichever is greatest; and a mandatory

28    special assessment of $100.

6.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: six years' imprisonment; a one-year period of supervised release; a fine of $200,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7.    Defendant agrees to make full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

8.    Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or about January 2015, defendant prepared personal income tax returns for clients at a business using the name AJ Loyal Income Tax Service. Defendant filed the tax returns using the Electronic Filing Identification Number ("EFIN") of a family member. Participation in the E-File Program facilitated the rapid filing of multiple returns.

Defendant filed tax returns for some of his clients that included false Schedule A deductions (i.e., itemized deductions) for deductible points (mortgage interest not reported on IRS Form 1098). Specifically, defendant filed returns for these clients that indicated they had paid mortgage interest for their homes, when in truth, as defendant knew, his clients did not own a home. Defendant also claimed false medical expenses, sales tax, and gifts by cash or

check on some tax returns he prepared that he knew to be false and inaccurate.

For calendar years 2015 through 2019, defendant filed approximately 2,533 tax returns with false deductions on behalf of his clients. Because of the false deductions that defendant included in the tax returns he prepared for his clients, the IRS was prevented from assessing and collecting the correct amount of taxes owed by the clients, resulting in a loss in assessed and collected taxes to the IRS between $3,369,886.64 and $3,799,378.34.

Defendant charged his clients a fee for his services and instructed his clients to pay him via Venmo and personal check. Defendant caused the monies he received to be deposited into a Citibank business account ending in x7186 for AJ Loyal Income Tax Service that defendant opened in January 2016. Defendant used the proceeds from his tax preparer business to purchase several luxury vehicles, including a 2018 Mercedes Benz, 2017 Mercedes Benz, 2016 Maserati, and a 2015 Mercedes Benz.

As part of the scheme described above, on or about February 24, 2020, in Los Angeles County, within the Central District of California and elsewhere, defendant willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the IRS, of a federal income tax return for the year 2019 for taxpayer R.V. from South Gate, California. The federal income tax return was false and fraudulent as to material matters, in that, as defendant well knew and believed, the return claimed false and fraudulent amounts of taxes due and owing based, in part, upon false and fraudulent representations as to $30,488 in itemized deductions, including deductions for mortgage interest not reported on IRS Form

1098. As a result of these false and fraudulent deductions, defendant caused taxpayer R.V. to claim a refund from the IRS in the amount of $7,318 to which the taxpayer was not entitled.

As further part of the scheme described above, on or about March 16, 2020, in Los Angeles County, within the Central District of California and elsewhere, defendant willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the IRS, of a federal income tax return for the year 2019 for taxpayer D.B. from Inglewood, California. The federal income tax return was false and fraudulent as to material matters, in that, as defendant well knew and believed, the return claimed false and fraudulent amounts of taxes due and owing based, in part, upon false and fraudulent representations as to $30,388 in itemized deductions, including deductions for mortgage interest not reported on IRS Form 1098. As a result of these false and fraudulent deductions, taxpayer D.B. claimed a refund from the IRS in the amount of $7,155 to which the taxpayer was not entitled.

<u>SENTENCING FACTORS</u>

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crimes of conviction.

14. Except as set forth in paragraph 3(c) above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Except as set forth in paragraph 3(c), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1        e.   The right to confront and cross-examine witnesses

2   against defendant.

3        f.   The right to testify and to present evidence in

4   opposition to the charges, including the right to compel the

5   attendance of witnesses to testify.

6        g.   The right not to be compelled to testify, and, if

7   defendant chose not to testify or present evidence, to have that

8   choice not be used against defendant.

9        h.   Any and all rights to pursue any affirmative defenses,

10  Fourth Amendment or Fifth Amendment claims, and other pretrial

11  motions that have been filed or could be filed.

12                 <u>WAIVER OF APPEAL OF CONVICTION</u>

13       18.  Defendant understands that, with the exception of an appeal

14  based on a claim that defendant's guilty pleas were involuntary, by

15  pleading guilty defendant is waiving and giving up any right to

16  appeal defendant's convictions on the offenses to which defendant is

17  pleading guilty.  Defendant understands that this waiver includes,

18  but is not limited to, arguments that the statute to which defendant

19  is pleading guilty are unconstitutional, and any and all claims that

20  the statement of facts provided herein is insufficient to support

21  defendant's pleas of guilty.

22            <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23       19.  Defendant agrees that, provided the Court imposes a term of

24  imprisonment within or below the range corresponding to an offense

25  level of 23 and the criminal history category calculated by the

26  Court, defendant gives up the right to appeal all of the following:

27  (a) the procedures and calculations used to determine and impose any

28  portion of the sentence, with the exception of the Court's

calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution or fine, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

21.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the

12

range corresponding to an offense level of 23 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

23.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to

perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

14

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*/s/ Jeff Mitchell*                              1/17/2023
JEFF MITCHELL                                    Date
Assistant United States Attorney

*[signature]*                                    **11/22/2022**
ANDREW ZEPEDA HANSACK                            Date
Defendant

s/ Alan Eisner                                   11/22/2022
ALAN EISNER                                      Date
Attorney for Defendant
ANDREW ZEPEDA HANSACK

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

16

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          11/22/2022
ANDREW ZEPEDA HANSACK                       Date
Defendant


### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Andrew Zepeda Hansack's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

17

forth in this agreement is sufficient to support my client's entry of

guilty pleas pursuant to this agreement.

  s/ Alan Eisner                                    11/22/2022
_____          _____
ALAN EISNER                                    Date
Attorney for Defendant
Andrew Zepeda Hansack

EXHIBIT

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11             Plaintiff,               I N F O R M A T I O N

12             v.                       [26 U.S.C. § 7206(2): Aiding and
                                        Assisting in the Preparation of a
13   ANDREW ZEPEDA HANSACK,             False Tax Return]

14             Defendant.

15

16

17        The United States Attorney charges:

18                            COUNT ONE

19                      [26 U.S.C. § 7206(2)]

20        On or about February 24, 2020, in Los Angeles County, within the

21   Central District of California, and elsewhere, defendant ANDREW

22   ZEPEDA HANSACK willfully aided and assisted in, and procured,

23   counseled, and advised the preparation and presentation to the

24   Internal Revenue Service of a U.S. Individual Income Tax Return Form

25   1040, Schedule A, in the name of taxpayer R.V. for calendar year

26   2019, which was false and fraudulent as to a material matter, in that

27   line 17 of Schedule A of such Form 1040 reported $30,488 in total

28   itemized deductions, including deductions for mortgage interest not

reported on IRS Form 1098, for calendar year 2019, when, in fact, as defendant HANSACK then knew and believed, the allowable deductions for taxpayer R.V. for calendar year 2019 were substantially less than the reported amount.

1                              COUNT TWO

2                        [26 U.S.C. § 7206(2)]

3        On or about March 16, 2020, in Los Angeles County, within the

4   Central District of California, and elsewhere, defendant ANDREW

5   ZEPEDA HANSACK willfully aided and assisted in, and procured,

6   counseled, and advised the preparation and presentation to the

7   Internal Revenue Service of a U.S. Individual Income Tax Return Form

8   1040, Schedule A, in the name of taxpayer D.B. for calendar year

9   2019, which was false and fraudulent as to a material matter, in that

10  line 17 of Schedule A of such Form 1040 reported $30,388 in total

11  itemized deductions, including deductions for mortgage interest not

12  reported on IRS Form 1098, for calendar year 2019, when, in fact, as

13  defendant HANSACK then knew and believed, the allowable deductions

14  for taxpayer D.B. for calendar year 2019 were substantially less than

15  the reported amount.

16                                      E. MARTIN ESTRADA
                                        United States Attorney
17

18

19                                      SCOTT M. GARRINGER
                                        Assistant United States Attorney
20                                      Chief, Criminal Division

21                                      RANEE A. KATZENSTEIN
                                        Assistant United States Attorney
22                                      Chief, Major Frauds Section

23                                      ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
24                                      Deputy Chief, Major Frauds Section

25                                      JEFF MITCHELL
                                        Assistant United States Attorney
26                                      Major Frauds Section

27

28

                                        3